August 15, 2008

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

Civil Action No. 08-2070

In Regard to the Matter of:

Bayside State Prison Litigation

FLOYD LARRY,

    -vs-

WILLIAM H. FAUVER, et al,

    Defendants.

OPINION AND REPORT OF THE SPECIAL MASTER

\* \* \* \*

FRIDAY, AUGUST 15, 2008

\* \* \* \*

BEFORE THE HONORABLE JOHN W. BISSELL, SPECIAL MASTER

```
                                                          Page 2
 1
 2
 3
 4              Transcript of proceedings in the above
 5    matter taken by Theresa O. Mastroianni, Certified
 6    Court Reporter, license number 30X100085700, and
 7    Notary Public of the State of New Jersey at the
 8    United States District Court House, One Gerry Plaza,
 9    Camden, New Jersey, 08102, commencing at 10:29 AM.
10
11
12
13
14
15
16
17
18
19
20              MASTROIANNI & FORMAROLI, INC.
21       Certified Court Reporting & Videoconferencing
22                  251 South White Horse Pike
23                  Audubon, New Jersey 08106
24                       856-546-1100
25
```

```
 1
         A P P E A R A N C E S:
 2
 3
         LOUGHRY & LINDSAY, ESQUIRES
 4       BY:  JUSTIN LOUGHRY, ESQUIRE
         330 MARKET STREET
 5       CAMDEN, NEW JERSEY 08102
         856-968-9201
 6       ATTORNEYS FOR THE PLAINTIFFS
 7
 8       ROSELLI & GRIEGEL, PC
         BY:  MARK ROSELLI, ESQUIRE
 9            - and -
         BY:  KENNETH LOZIER, ESQUIRE
10       1337 STATE HIGHWAY 33
         HAMILTON SQUARE, NEW JERSEY  08690
11       609-586-2257
         ATTORNEYS FOR THE DEFENDANTS
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1          JUDGE BISSELL:  I now reopen

2   proceedings in the case of Floyd Larry, docket number

3   08-2070.

4               This opinion/report is being issued

5   pursuant to the directives of the Order of Reference

6   to a Special Master and the Special Master's

7   Agreement and the guiding principles of law which

8   underlie this decision to be applied to the facts

9   upon which it is based as set forth in the jury

10  instructions in the Walker and Mejias jury charges to

11  the extent applicable to the allegations of Mr.

12  Larry.

13              As finalized after review under Local

14  Civil Rule 52.1, this transcript will constitute the

15  written report required under paragraph seven of the

16  Order of Reference to a Special Master.

17              Mr. Larry had been housed at Yardville

18  on the date of Officer Baker's murder, but was

19  transferred to Bayside State Prison during the

20  lockdown and lodged at the farm.  He was told at the

21  time he arrived there that the farm was in a lockdown

22  status.  After going through conventional intake, he

23  went into a dormitory or barracks unit.  From Exhibit

24  D-286, the log book for Number Two Barracks, it is

25  confirmed that during the first shift on August 12th

```
 1    20 inmates arrived at the farm.  This is essentially
 2    consistent with the testimony of Mr. Larry.
 3                He says upon their arrival and their
 4    going into the barracks, apparently that very day,
 5    the SOG bus came up, officers came in, made the usual
 6    amount of noise, directing inmates to be head down,
 7    face down in the pillows, locking their fingers
 8    behind their heads, crossing their legs and so forth.
 9                Mr. Larry said that, as a result of his
10    confusion and being the first time in the prison
11    system, he may have reacted more slowly than they
12    would have liked; (it's the only reason he can give
13    for it), and said they came up and hit him in his
14    legs with a night stick on his bed, among other
15    things behind his left knee more than once.  He was
16    hit some five or six times according to him.  The
17    SOGs were talking once again about the fact of
18    Officer Baker's murder and they weren't going to
19    tolerate prisoners injuring or hurting one of them.
20                Plaintiff claims that he asked for
21    medical attention from the housing officer on his
22    shift, still the first shift, who said no.  He claims
23    that he then asked for medical attention when the
24    officer came on for the second shift and that officer
25    said it's not on my shift, so get back to your bunk.
```

1          I find, however, no contemporaneous

2   evidence that would support the happening of this

3   event.  I do note a report of a visit with Doctor

4   Beckler introduced as P-105, but that was introduced

5   for identification only because it couldn't be

6   adequately attributed.  I will accept it for the one

7   purpose, that he made a complaint about his left

8   knee, but that occurred in the year 2000 and for that

9   reason I determined that there was no basis to

10  attribute any residual condition of Mr. Larry to the

11  alleged event at Bayside.

12          Mr. Larry's ARF was completed in 2001,

13  after the onset of the lawsuit.  Hence, the

14  assertions in that document have no independent

15  probative value.

16          Officers Flumenbaum and Lambert

17  testified that they were on duty in that area,

18  recognized the entries in the log books, talked in

19  terms of how inmate complaints would have been

20  handled and indicated that under no circumstances

21  would a complaint such as that merely be brushed off

22  by saying go back to bed.

23          I find that there is some inherent

24  credibility in the testimony of these officers, among

25  other things, because of the very open area and

1  atmosphere at the farm.  Decent relationships between
2  inmates and officers in that setting are even more
3  important than they are in a medium security facility
4  with locked cells.  The Bayside officers who
5  administer those facilities have a real incentive,
6  one, not to allow this type of conduct by SOG
7  officers with no legitimate purpose for being there
8  to take place, and two, not to be so unresponsive to
9  any alleged injuries.  There just is no inherent
10 sense in that.
11           Also there is nothing presented here of
12 entries in the SOG log which would indicate that they
13 were in the area, particularly in the area of
14 Barracks Two on that occasion.  In addition, defense
15 witnesses testified that when the SOGs were in the
16 area, they were normally outside the barracks dealing
17 with prisoner transfers.  While SOGs might enter the
18 barracks for the transfer of prisoners between units
19 at Bayside, they would not come into the barracks to
20 escort new arrivals in.  The testimony we have here,
21 as best I can recall, is that they remain outside
22 under those circumstances.
23           Officer Lambert testified quite
24 unequivocally he would not permit beatings in his
25 barracks because he's liable for inmate safety and

1  his own. And that would be particularly the case, I
2  think, for something totally unjustified and totally
3  unprovoked like this.
4         Finally, once again, on the question of
5  the knee injury and the lack of a complaint, I find
6  this is a case like several others we've had where
7  while one might say I don't want to complain about my
8  knee injury inflicted by guards because of the fear
9  of retaliation, it would seem that certainly one
10 could make a complaint about a knee injury without
11 attribution or perhaps asserting a different cause
12 and still be able to obtain some relief. That didn't
13 occur here.
14         Essentially I view this as a burden of
15 proof case. I know that sometimes it can be
16 considered a safe harbor into which one may retreat,
17 but there are occasions, such as this matter, where
18 the case really turns on the failure of Mr. Larry to
19 sustain his burden of proof by a preponderance of the
20 credible evidence. His claim just wasn't proven.
21         In conclusion, although not every item
22 of evidence has been discussed in this
23 opinion/report, all evidence presented to the Special
24 Master was reviewed and considered. For the reasons
25 set forth above, I recommend in this report that the

1    district court enter an order and judgment of no

2    cause for action for Floyd Larry.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3        I, Theresa O. Mastroianni, a Notary Public and

4   Certified Shorthand Reporter of the State of New

5   Jersey, do hereby certify that the foregoing is a

6   true and accurate transcript of the testimony as

7   taken stenographically by and before me at the time,

8   place, and on the date hereinbefore set forth.

9        I DO FURTHER CERTIFY that I am neither a

10  relative nor employee nor attorney nor counsel of any

11  of the parties to this action, and that I am neither

12  a relative nor employee of such attorney or counsel,

13  and that I am not financially interested in the

14  action.

15

16

17

18

19       *Theresa O. Mastroianni*
         Theresa O. Mastroianni, C.S.R.
20       Notary Public, State of New Jersey
         My Commission Expires May 5, 2010
21       Certificate No. XI0857
         Date: August 26, 2008

22

23

24

25

**A**
able 8:12
accept 6:6
accurate 10:6
action 1:2 9:2 10:11,14
addition 7:14
adequately 6:6
administer 7:5
Agreement 4:7
al 1:8
allegations 4:11
alleged 6:11 7:9
allow 7:6
amount 5:6
apparently 5:4
applicable 4:11
applied 4:8
area 6:17,25 7:13,13,16
ARF 6:12
arrival 5:3
arrivals 7:20
arrived 4:21 5:1
asked 5:20,23
asserting 8:11
assertions 6:14
atmosphere 7:1
attention 5:21 5:23
attorney 10:10 10:12
ATTORNEYS 3:6,11
attribute 6:10
attributed 6:6
attribution 8:11
Audubon 2:23
August 1:13 4:25 10:21

**B**
back 5:25 6:22
Baker's 4:18 5:18
barracks 4:23
4:24 5:4 7:14 7:16,18,19,25
based 4:9
basis 6:9
Bayside 1:4 4:19 6:11 7:4,19
beatings 7:24
Beckler 6:4
bed 5:14 6:22
best 7:21
BISSELL 1:19 4:1
book 4:24
books 6:18
brushed 6:21
bunk 5:25
burden 8:14,19
bus 5:5

**C**
C 3:1 10:1,1
Camden 2:9 3:5
case 4:2 8:1,6,15 8:18
cause 8:11 9:2
cells 7:4
certainly 8:9
Certificate 10:21
Certified 2:5,21 10:4
certify 10:5,9
charges 4:10
circumstances 6:20 7:22
Civil 1:2 4:14
claim 8:20
claims 5:20,22
come 7:19
commencing 2:9
Commission 10:20
complain 8:7
complaint 6:7 6:21 8:5,10
complaints 6:19
completed 6:12
conclusion 8:21
condition 6:10
conduct 7:6
confirmed 4:25
confusion 5:10
considered 8:16 8:24
consistent 5:2
constitute 4:14
contemporane... 6:1
conventional 4:22
counsel 10:10,12
court 1:1 2:6,8 2:21 9:1
credibility 6:24
credible 8:20
crossing 5:8
C.S.R 10:19

**D**
date 4:18 10:8 10:21
day 5:4
dealing 7:16
Decent 7:1
decision 4:8
Defendants 1:9 3:11
defense 7:14
determined 6:9
different 8:11
directing 5:6
directives 4:5
discussed 8:22
district 1:1,1 2:8 9:1
docket 4:2
Doctor 6:3
document 6:14
dormitory 4:23
duty 6:17
D-286 4:24

**E**
E 3:1,1 10:1,1
employee 10:10 10:12
enter 7:17 9:1
entries 6:18 7:12
escort 7:20
ESQUIRE 3:4,8 3:9
ESQUIRES 3:3
essentially 5:1 8:14
et 1:8
event 6:3,11
evidence 6:2 8:20,22,23
Exhibit 4:23
Expires 10:20
extent 4:11

**F**
F 10:1
face 5:7
facilities 7:5
facility 7:3
fact 5:17
facts 4:8
failure 8:18
farm 4:20,21 5:1 7:1
FAUVER 1:8
fear 8:8
finalized 4:13
Finally 8:4
financially 10:13
find 6:1,23 8:5
fingers 5:7
first 4:25 5:10 5:22
five 5:16
Floyd 1:6 4:2 9:2
Flumenbaum 6:16
foregoing 10:5
FORMAROLI
2:20
forth 4:9 5:8 8:25 10:8
FRIDAY 1:13
FURTHER 10:9

**G**
Gerry 2:8
give 5:12
go 6:22
going 4:22 5:4 5:18
GRIEGEL 3:8
guards 8:8
guiding 4:7

**H**
H 1:8
HAMILTON 3:10
handled 6:20
happening 6:2
harbor 8:16
head 5:6
heads 5:8
hereinbefore 10:8
HIGHWAY 3:10
hit 5:13,16
HONORABLE 1:19
Horse 2:22
House 2:8
housed 4:17
housing 5:21
hurting 5:19

**I**
identification 6:5
important 7:3
incentive 7:5
independent 6:14
indicate 7:12

indicated 6:20
inflicted 8:8
inherent 6:23
  7:9
injuries 7:9
injuring 5:19
injury 8:5,8,10
inmate 6:19 7:25
inmates 5:1,6
  7:2
instructions
  4:10
intake 4:22
interested 10:13
introduced 6:4,4
issued 4:4
item 8:21

**J**
Jersey 1:1 2:7,9
  2:23 3:5,10
  10:5,20
JOHN 1:19
JUDGE 4:1
judgment 9:1
jury 4:9,10
JUSTIN 3:4

**K**
KENNETH 3:9
knee 5:15 6:8
  8:5,8,10
know 8:15

**L**
lack 8:5
Lambert 6:16
  7:23
Larry 1:6 4:2,12
  4:17 5:2,9 6:10
  8:18 9:2
Larry's 6:12
law 4:7
lawsuit 6:13
left 5:15 6:7
legitimate 7:7

legs 5:8,14
liable 7:25
license 2:6
liked 5:12
LINDSAY 3:3
Litigation 1:5
Local 4:13
lockdown 4:20
  4:21
locked 7:4
locking 5:7
lodged 4:20
log 4:24 6:18
  7:12
LOUGHRY 3:3
  3:4
LOZIER 3:9

**M**
MARK 3:8
MARKET 3:4
Master 1:6,19
  4:6,16 8:24
Master's 4:6
Mastroianni 2:5
  2:20 10:3,19
matter 1:3 2:5
  8:17
medical 5:21,23
medium 7:3
Mejias 4:10
merely 6:21
murder 4:18
  5:18

**N**
N 3:1
neither 10:9,11
new 1:1 2:7,9,23
  3:5,10 7:20
  10:4,20
night 5:14
noise 5:6
normally 7:16
Notary 2:7 10:3
  10:20

note 6:3
number 2:6 4:2
  4:24

**O**
O 2:5 10:3,19
obtain 8:12
occasion 7:14
occasions 8:17
occur 8:13
occurred 6:8
officer 4:18 5:18
  5:21,24,24
  7:23
officers 5:5 6:16
  6:24 7:2,4,7
once 5:15,17 8:4
onset 6:13
open 6:25
OPINION 1:5
opinion/report
  4:4 8:23
order 4:5,16 9:1
outside 7:16,21

**P**
P 3:1,1
paragraph 4:15
particularly
  7:13 8:1
parties 10:11
PC 3:8
permit 7:24
Pike 2:22
pillows 5:7
place 7:8 10:8
Plaintiff 5:20
PLAINTIFFS
  3:6
Plaza 2:8
preponderance
  8:19
presented 7:11
  8:23
principles 4:7
prison 1:4 4:19

5:10
prisoner 7:17
prisoners 5:19
  7:18
probative 6:15
proceedings 2:4
  4:2
proof 8:15,19
proven 8:20
Public 2:7 10:3
  10:20
purpose 6:7 7:7
pursuant 4:5
P-105 6:4

**Q**
question 8:4
quite 7:23

**R**
R 3:1 10:1
reacted 5:11
real 7:5
really 8:18
reason 5:12 6:9
reasons 8:24
recall 7:21
recognized 6:18
recommend
  8:25
Reference 4:5
  4:16
Regard 1:3
relationships
  7:1
relative 10:10,12
relief 8:12
remain 7:21
reopen 4:1
report 1:5 4:15
  6:3 8:25
Reporter 2:6
  10:4
Reporting 2:21
required 4:15
residual 6:10

result 5:9
retaliation 8:9
retreat 8:16
review 4:13
reviewed 8:24
ROSELLI 3:8,8
Rule 4:14

**S**
S 3:1
safe 8:16
safety 7:25
saying 6:22
says 5:3
second 5:24
security 7:3
sense 7:10
set 4:9 8:25 10:8
setting 7:2
seven 4:15
shift 4:25 5:22
  5:22,24,25
Shorthand 10:4
six 5:16
slowly 5:11
SOG 5:5 7:6,12
SOGs 5:17 7:15
  7:17
South 2:22
Special 1:6,19
  4:6,6,16 8:23
SQUARE 3:10
State 1:4 2:7
  3:10 4:19 10:4
  10:20
States 1:1 2:8
status 4:22
stenographica...
  10:7
stick 5:14
STREET 3:4
support 6:2
sustain 8:19
system 5:11

**T**

Case 1:08-cv-02070-RBK-JS   Document 4   Filed 09/12/08   Page 13 of 13 PageID: 33

August 15, 2008

13

T 10:1,1
take 7:8
taken 2:5 10:7
talked 6:18
talking 5:17
terms 6:19
testified 6:17
   7:15,23
testimony 5:2
   6:24 7:20 10:6
Theresa 2:5 10:3
   10:19
things 5:15 6:25
think 8:2
time 4:21 5:10
   10:7
times 5:16
told 4:20
tolerate 5:19
totally 8:2,2
transcript 2:4
   4:14 10:6
transfer 7:18
transferred 4:19
transfers 7:17
true 10:6
turns 8:18
two 4:24 7:8,14
type 7:6

**U**
underlie 4:8
unequivocally
   7:24
unit 4:23
United 1:1 2:8
units 7:18
unjustified 8:2
unprovoked 8:3
unresponsive
   7:8
usual 5:5

**V**
value 6:15
Videoconfere...

2:21
view 8:14
visit 6:3
vs 1:7

**W**
W 1:19
Walker 4:10
want 8:7
wasn't 8:20
went 4:23
weren't 5:18
we've 8:6
White 2:22
WILLIAM 1:8
witnesses 7:15
written 4:15

**X**
XIO857 10:21

**Y**
Yardville 4:17
year 6:8

**0**
08-2070 1:2 4:3
08102 2:9 3:5
08106 2:23
08690 3:10

**1**
10:29 2:9
12th 4:25
1337 3:10
15 1:13

**2**
20 5:1
2000 6:8
2001 6:12
2008 1:13 10:21
2010 10:20
251 2:22
26 10:21

**3**

30X100085700
   2:6
33 3:10
330 3:4

**5**
5 10:20
52.1 4:14

**6**
609-586-2257
   3:11

**8**
856-546-1100
   2:24
856-968-9201
   3:5

schedules@mfreporting.com    Mastroianni & Formaroli, Inc.    856-546-1100
Professionals Serving Professionals